**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4445-14T3

FALGUN DHARIA and MANTIFF
MANAGEMENT, INC.,

    Plaintiffs-Appellants/
    Cross-Respondents,

v.

OM RIDDHI SIDDHI, LLC and
SAMIR SHAH,

    Defendants-Respondents/
    Cross-Appellants.

_____

        Submitted November 7, 2016 — Decided  August 11, 2017

        Before Judges Sabatino, Nugent and Currier.

        On appeal from Superior Court of New Jersey,
        Law Division, Essex County, Docket No. L-320-
        14.

        Genova Burns LLC, attorneys for appellants
        /cross-respondents (Jennifer Borek, of
        counsel; Jenna M. Beatrice, on the briefs).

        Bendit  Weinstock,  PA,  attorneys  for
        respondents/cross-appellants (James F. Keegan
        and Sherri D. Fowler, on the briefs).

PER CURIAM

Plaintiffs Falgun Dharia and Mantiff Management, Inc., appeal from three Law Division orders, one dated December 5, 2014, two dated February 6, 2015. The first order denied, in part, plaintiffs' motion to compel discovery. The second order granted summary judgment to defendants Om Riddhi Siddhi, LLC, and Samir Shah, and dismissed the complaint with prejudice. The third order denied plaintiffs' second motion to compel discovery. Defendants cross-appeal from an April 24, 2015 order denying their motion for sanctions. For the reasons that follow, we reverse the discovery and summary judgment orders and affirm the order denying sanctions.[1]

In the complaint filed January 16, 2014, plaintiff alleged five causes of action stemming from defendant's alleged breach of an oral contract. According to the complaint, plaintiff agreed to provide consulting services and start-up capital to defendant, who sought to own and operate various Dunkin' Donuts franchises. In exchange, defendant agreed to compensate plaintiff with a one-third equity ownership interest in each of the franchised stores and periodic distributions equal to one-third of the stores' profits.

---

[1] Plaintiff Falgun Dharia is the principal of Mantiff Management Inc. For ease of reference, we refer to Falgun Dharia as "plaintiff." For similar reasons, we refer to Samir Shah as "defendant."

A-4445-14T3

During discovery, plaintiff served defendant with interrogatories and document demands. Plaintiff sought, among other documents, business and bank records, e-mails discussing profit distributions, Dunkin' Donuts audits, profit and loss statements, QuickBook files, and corporate and personal tax returns dating back to 2006. Defendant objected to most of the discovery demands, contending the requests were overbroad, sought privileged information, or otherwise sought non-existent information.

In the first discovery motion, plaintiff sought to compel defendant to provide more specific answers to interrogatories and document demands. The trial court issued a December 5, 2014 order granting the motion in part. The order permitted plaintiff to inspect documents defendant identified as being in his office, but struck plaintiff's request to compel more specific answers to interrogatories. In denying most of plaintiff's requests, the court wrote on the order that plaintiff had "failed to establish [the] items sought will have a tendency in reason to prove or disprove any fact of consequence to the determination of the action."

On December 19, 2014, defendant filed a summary judgment motion, which plaintiff opposed. Meanwhile, plaintiff filed a second motion to compel discovery on December 24, 2014, alleging

defendant failed to comply with the previous discovery order and withheld relevant documents. The trial court denied plaintiff's discovery motion in an order dated February 6, 2015. The court wrote on the order, "see order of December 5, 2014." On the same day, the court granted defendant's motion for summary judgment. The court determined plaintiff did not come forward with any documentary evidence tending to show the existence of the alleged oral agreement.[2] The court concluded that no trier of fact could rule in plaintiff's favor. The court granted summary judgment notwithstanding that the discovery end date was April 1, 2015.

Following the court's grant of summary judgment to defendant, he filed a motion seeking fees from plaintiffs under Rule 1:4-8 and N.J.S.A. 2A:15-59.1 for filing frivolous claims. The court denied the motion.

The parties developed the following facts on the summary judgment motion record. Sometime in 2003, defendant and Atul Rajguru (Rajguru) learned plaintiff was attempting to sell his interest in several Dunkin' Donuts franchised stores. Defendant claimed he and Rajguru met with plaintiff to discuss the purchase of one of his stores, but were unable to reach an agreement.

---

[2] On the same day, the court entered a third order granting defendant's motion to compel the deposition of plaintiff, notwithstanding the dismissal of the matter with prejudice.

A-4445-14T3

Plaintiff nonetheless invited him and Rajguru to contact him in the event they needed assistance in starting a new business.

According to defendant, in December 2003, his wife and Rajguru formed Om Riddhi Siddhi, LLC (the "West Orange LLC"), in which each held a fifty percent interest. In January 2004, the West Orange LLC entered into a Multiple Unit Store Development Agreement (the Store Development Agreement) with Baskin-Robbins USA Co. and Dunkin' Donuts. In July 2005, the LLC opened a Dunkin' Donuts store in West Orange.

Several years later, defendant and Rajguru formed a separate LLC named Om Shree Riddhi Siddhi LLC ("the Livingston LLC"), which acquired a franchise and opened a Dunkin' Donuts in Livingston in August 2007. In the same year, defendant purchased Rajguru's fifty percent interest in the West Orange LLC. In 2008, Rajguru purchased defendant's interest in the Livingston LLC.

In support of his summary judgment motion, defendant averred plaintiff had no involvement in the application for the Store Development Agreement. Defendant also asserted he and Rajguru never sought or received any consulting services or investment capital from plaintiff and never made any payments or profit distributions to plaintiff. Plaintiff was not listed as a partner on either the West Orange LLC's or the Livingston LLC's Schedule K-1s between 2004 and 2013.

Plaintiff largely disputed defendant's statement of material facts. According to plaintiff, he, defendant, and Rajguru were partnering to develop new Dunkin' Donuts franchises in West Orange, Livingston, and Montville. To facilitate their business development, plaintiff entered into an oral consulting agreement with defendant and Rajguru, whereby he would provide consulting services and startup capital in exchange for a one-third equity interest in the LLCs and certain profit distributions. Plaintiff claimed to have owned an equity interest in the West Orange LLC since 2003 and received profit distributions from the West Orange store until November 2007. Although plaintiff did not produce any documentary evidence that defendant paid him any profit distributions, he contended during oral argument that defendant has such proof, necessitating further discovery.

Plaintiff also averred that he, Rajguru, and defendant's wife opened a joint bank account in late 2003. In support of this claim, plaintiff submitted a bank statement listing himself, Rajguru, and defendant's wife as the account's owners.[3] The bank statement listed various transactions between November 28, 2003 and December 8, 2003. Plaintiff also provided a copy of a $30,000

_____

[3] Defendant contended plaintiff opened this account without his wife's or Rajguru's knowledge.

check dated January 20, 2004, which he wrote to the West Orange LLC. The memo line of the check read, "West Orange — SDA." It is unclear whether the check was cashed.

In addition to the bank statement and check, plaintiff submitted an e-mail he received from defendant in May 2007 discussing after-tax profit distributions. He also submitted a December 2007 e-mail from defendant with the subject line: "West Orange — Profit." A balance spreadsheet was attached to the email stating plaintiff and defendant each had a one-third interest in an unidentified business.

The motion record also includes two e-mails from defendant to plaintiff in April 2007. In these e-mails, defendant discusses profit sharing with plaintiff and how plaintiff "need[s] to figure out how to take [his] money. . . ."

Plaintiff also produced evidence concerning the Livingston LLC. He submitted a document purporting to be a copy of meeting minutes from March 2007 memorializing that plaintiff and defendant, as well as other individuals, each held a twenty-two percent interest in the Livingston Dunkin' Donuts.

On October 28, 2010, plaintiff filed a complaint against Rajguru and the Livingston LLC, alleging substantially similar allegations. Plaintiff did not name defendant in that lawsuit. According to plaintiff's counsel, the matter was settled via a

confidential settlement where "Rajguru was forced to sell his stores, because Dunkin' found out there was an undisclosed owner[, plaintiff]."

Based on the foregoing record, the trial court granted summary judgment in favor of defendant and denied plaintiff's motion to compel further discovery.

On appeal, plaintiff contends the trial court erred by prematurely granting summary judgment when discovery was incomplete. Plaintiff also contends the court erred in granting the motion because there were genuine issues of material fact in dispute. Lastly, plaintiff contends the trial court applied the wrong standard of review when denying his discovery motions.

Defendant argues the trial court did not err in granting summary judgment, because no rationale fact finder could find in favor of plaintiff. Defendant also argues the alleged oral consulting agreement was not supported by consideration, and in any event, was barred by the statute of limitations and the entire controversy doctrine. Lastly, in opposition to plaintiff's appeal, defendant argues the court properly denied plaintiff's motions to compel more specific discovery responses.

On the cross-appeal, defendant contends the court erred in denying his motion for sanctions.

We review "an order granting summary judgment in accordance with the same standard as the motion judge." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014) (citations omitted). "That standard compels the grant of summary judgment 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (quoting R. 4:46-2(c)).

To establish a genuine issue of material fact, the opposing party must "do more than 'point[] to any fact in dispute' in order to defeat summary judgment." Ibid. (alteration in original) (citation omitted). Rather, "once the moving party presents sufficient evidence in support of the motion, the opposing party must 'demonstrate by competent evidential material that a genuine issue of fact exists[.]'" Id. at 479-80 (alteration in original) (quoting Robbins v. Jersey City, 23 N.J. 229, 241 (1957)).

Ultimately, a reviewing court must determine "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (citation omitted).

Here, plaintiff established numerous genuinely disputed material facts that precluded summary judgment. In addition to his certification asserting the formation and terms of the oral agreement, he produced a $30,000 check payable to defendant with a notation "West Orange — SDA"; a bank statement listing himself, defendant's wife, and Rajgur as owners; emails discussing profit distributions; and meeting minutes concerning his alleged interest in the Livingston Dunkin' Donuts. When viewed in the light most favorable to plaintiff, his certified statements, corroborated by documentary evidence, establish a triable issue as to whether he and defendant had entered into an oral agreement under the terms alleged by plaintiff. Moreover, to the extent plaintiff's documentary evidence was either ambiguous or in dispute, discovery remained open and the court should have permitted discovery as to these and any other outstanding issues before granting the summary judgment motion.

The record concerning plaintiff's discovery motions is scant. Nonetheless, because additional discovery was warranted before summary judgment was granted, and in view of our disposition of this appeal, we vacate the orders denying plaintiff's discovery motion.

On remand, the trial court shall conduct a management conference within forty-five days. During the conference, the

10

parties and the court can resolve any issues concerning outstanding discovery. To the extent either party opposes discovery based upon a privilege or a claim concerning relevance, a clear record should be made concerning the precise discovery requested and the specific grounds upon which it is opposed. The trial court should make a record with respect to each discovery request opposed, stating the legal basis for denying the discovery request if it is denied. If necessary, the court shall conduct an in-camera document review to facilitate the disposition of discovery disputes.

In view of our disposition of the summary judgment motion, the issue raised on the cross-appeal is moot. We have determined that arguments not specifically addressed in this opinion are without sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E). We note the parties have raised issues and factual allegations on appeal that were either not addressed by the trial court or not presented to the trial court. These issues can be properly developed on remand and decided on an amply developed and adequate record.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4445-14T3